Spencer, J. dissented.
To render the charge of false swearing actionable, the false swearing must be before a court or magis». *172 trate having legal authority to administer an oath. The words spoken by the defendant impute to the plaintiff both false swearing and perjury, but the case shows that the words were spoken in reference to the plaintiff’s having sworn out attachments against the defendant. If the oaths were not judicially administered, the false swearing would not be perjury; and this depends on the question whether the plaintiff himself could be legally examined, as to the matters required to be proved, preliminarily to the issuing the attachments. The 21st section of the act (sess. 31, c. 204.) authorizes a justice to issue an attachment on application and satisfactory proof being offered by any creditor, that the debtor has departed, or is about to depart, from the country, or is concealed, &c. The 4th section of the same act authorized the issuing a warrant, if the person applying should prove, to the satisfaction of any justice, that the defendant was about to depart, &c. By a subsequent act, (sess. 32. c. 186.) the fourth section of the former act is so amended, as to authorize the examination on oath of a person applying for a warrant, as provided for in the 4th section of the former act. (Sess. 31.) This court put a construction on that section, and held that the proof of the facts required to entitle the party applying to a warrant, could not be given by the plaintiff, and though that decision was incorrect, in consequence of our overlooking the amendment, the principles are sound, and 1 think them applicable to the case of an attachment now; the alteration of the 4th section specifically by a subsequent law, and not applying that alteration to the 21st section, when the same phraseology is used as in the 4th, shows that it was not intended to apply to the 18th section, on the maxim that expressio unius est ea> clusio alterkis. It follows, if this reasoning be correct, that the justice was net authorized to take the oath of the party, to prove the facts preliminary to the issuing the attachment; and if not authorized, the oath was extrajudicial; and if fálse, did not amount to perjury.
But it was contended that {he proceedings were not void, and that perjury may be committed, though the plaintiff was illegally admitted to swear to the necessary facts, because the justice judicially decided that he was admissible. This is specious but unfounded. In Miller v. Scare and others, (2 Bl. Rep. 1145.) Chief Justice De Grey held, with the concurrence of the other* judges, “ that as to courts of a special and limited jurisdiction having power to hear and determine, a distinction must be made. While *173 ~cfing withhi the line of their authority~ they are protected as to orrors in judgment; otherwise, they are not protected;" and he cited Dr. Beuchier's Case and others, as reported in ~ &ra~ 993. The defendants there justified the imprisonment, for that the chan~ cellor and s~hoIars of Oxjord were a corporation, and had power, by custom, to hold courts for personal actions, where either party was a scholar, or had the privilege of the university; that by cus- tom a plaintiff making oath, that he has a personal action, and that fie believes the defendant will not appear, but rua away, the judge may award a warrant and arrest, and detain him till security is given. The plea then stated, that Bouchkr had the privilege of the university, made a complaint to Shipper one of the defend- ants, the vice-chancellor, and took his oath; &c, but: he swore he suspected the defendant would run away, &c. and not that he be- lieved he would; and on account of this omission the court held the justification ill, and the judge and plaintiff, and the officers for joining with them, were adjudged to be trespassers. If the court has jurisdiction, and proceeds inverso ordine, or erroneously, the judge is not a trespasser; in the present and Bouchier’s Case, there was a want of jurisdiction. In neither case, could the process foe legally issued, because the proof required to entitle the party to it was not given, and until the proof was given there was a want of jurisdiction. The idea suggested on the argument, that if a witness be illegally admitted on a trial, as for instance, an inte- rested witness, and he swears falsely, such false swearing would lie perjury, is perfectly correct; for in such a case there is a jurisdiction, and the witness is judicially admitted, and, conse- quently, the oath is judicial. The distinction is between false swearing before a court to give that court jurisdiction, and before a court which has already acquired jurisdiction, and errs in admit- ting a witness. In the former case, it is not perjury; in the latter, it Is. I think there ought to be a new trial, with costs to abide the event of the
suit. Motion